UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY NEIL ALFRED,

        Plaintiff,

v.                          Case No. 3:08-cv-198-J-32HTS

RANDY BRYANT, et al.,

        Defendants.

## **ORDER OF DISMISSAL**[1]

Plaintiff Jerry Neil Alfred, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (hereinafter Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983 on February 27, 2008. In the Complaint, Plaintiff names the following individuals as the Defendants in this action: (1) Randy Bryant, Warden, Florida State Prison (hereinafter FSP); (2) Donnie Jackson, Assistant Warden, FSP; (3) John Doe I, Sergeant, FSP (substituted for K. Baird); (4) R. C. Johns, Correctional Officer, FSP; (5) D. H. Johnson, Nurse, FSP; (6) John Doe II, Correctional Officer, FSP (substituted for C. Buchanon); and, (7) S. Tucker, Correctional Officer, FSP.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

The Prison Litigation Reform Act (hereinafter PLRA) requires the Court to review a case and dismiss a claim **at any time** if the Court determines that the claim is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915a. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v.

2

> Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908,
> 1912-13, 68 L.Ed.2d 420 (1981), overruled on
> other grounds by, Daniels v. Williams, 474
> U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662
> (1986); Burch v. Apalachee Community Mental
> Health Services, Inc., 840 F.2d 797, 800 (11th
> Cir. 1988), aff'd by, Zinermon v. Burch, 494
> U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100
> (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

The Court is convinced that the Complaint is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of constitutional deprivation.

A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). See Rooney v. Watson, 101 F.3d 1378, 1380-81 (11th Cir. 1996) (alleged negligence does not transform a state tort claim into a constitutional deprivation), cert. denied, 522 U.S. 966 (1997).

In the context of an Eighth Amendment challenge to conditions of confinement, an inmate must prove three components: (1) the defendant had subjective knowledge of a risk of serious harm to the inmate, (2) the defendant disregarded that risk, (3) by conduct that was more than mere negligence. Farrow v. West, 320 F.3d 1235,

1245 (11th Cir. 2003). Here, the Plaintiff has not alleged facts that would support a finding that he was exposed to a risk of serious harm.

The allegations raised in the Complaint are as follows. Plaintiff states that on August 17, 2007, he was transferred from E wing, administrative confinement, to C wing, disciplinary confinement, at Florida State Prison. He and another inmate were assigned two of the three available cells. Plaintiff's cell had no mattress, and Plaintiff informed Officer Johns that he needed a mattress. Plaintiff was provided with a mattress; however, the mattress lacked a fire retardant cover and was badly stained with chemical agents on both sides.

Plaintiff complained to Officer Tucker about the mattress. Officer Tucker told Plaintiff to place the mattress outside of his cell when he exited to shower and it would be replaced.

Plaintiff discovered that his toilet was not functioning properly. When the toilet was flushed by an officer or orderly, it lacked sufficient pressure to flush the contents of the toilet. Plaintiff informed Officer Tucker and another officer that he needed a cell reassignment due to the lack of a usable mattress and a malfunctioning toilet. Plaintiff was told that he needed to take the matter up with the second shift in the morning (8:00 a.m. to 4:00 p.m.). The next morning, Plaintiff was advised that no mattress was available.

4

On August 18, 2007, Officer John Doe II provided Plaintiff with a cell inspection sheet. Plaintiff noted the two problems on the sheet, as well as verbally informing John Doe II of his need to be reassigned to a different cell. John Doe II told Plaintiff he would take the matter up with the housing supervisor.

Plaintiff prepared an informal grievance on August 19, 2007, and forwarded it to Assistant Warden Donnie Jackson. Assistant Warden Jackson's office responded on September 18, 2007, that the matter would be looked into. However, by the time of the response, Plaintiff had already been reassigned to another cell.[2]

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" Id. Here, Plaintiff is complaining about temporary, unsanitary and uncomfortable conditions. Plaintiff was transferred away from these conditions during the processing period of Plaintiff's administrative grievance. As a matter of law, while the Court agrees that the situation should have been remedied sooner, Plaintiff's alleged exposure to uncomfortable and unsanitary conditions for the period from August 17, 2007 until

---

[2] Plaintiff was moved to another cell on September 4, 2007. Exhibit B, Response to Request for Administrative Remedy or Appeal, filed August 12, 2008.

September 4, 2007, does not rise to the level of an Eighth Amendment violation.[3]

Accordingly, for all of the above-stated reasons, this case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of February, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

sa 2/12
c:
Jerry Neil Alfred

---

[3] Additionally, it does not appear that the Defendants intended to inflict pain. At most, their conduct amounted to negligence. Moreover, Plaintiff suffered no physical injury.

6